UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP W. SIMON,<br><br>  Plaintiff,<br><br>v.<br><br>TANISHA BOSTIC, et al.,<br><br>  Defendants, | Case No: 3:24-CV-01665-CAB-MSB<br>Case No. 3:25-CV-00109-CAB-MSB<br>Case No. 3:25-CV-00107-CAB-MSB<br><br>**ORDER DENYING MOTION FOR RECUSAL**<br><br>[25-CV-01665, Doc. No. 47]<br>[25-CV-00109, Doc. No. 8]<br>[25-CV-00107, Doc. Nos. 16, 17, 18] |
| PHILLIP W. SIMON,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL D. WASHINGTON, et al.,<br><br>  Defendants, | |

| | |
|---|---|
| 1 | PHILLIP W. SIMON, |
| 2 |                             Plaintiff, |
| 3 | v. |
| 4 | DEBORAH A. CUMBA, |
| 5 |                             Defendant, |

      Plaintiff has moved this Court to recuse itself from this case. Plaintiff's reasons for seeking recusal are far-fetched, including allegations of "personal bias and/or prejudice" and the completely unsubstantiated claim that this Court has been somehow coordinating with opposing counsel.

      As the Court made clear in its prior order, Plaintiff's allegations in the three above-captioned cases will likely face dismissal on jurisdictional grounds and/or on the merits. The Court is empowered to manage and control its docket, *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998), and may dismiss cases for lack of jurisdiction without notice. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Moreover, many of Plaintiff's claims pose "no possibility of relief" based on fatal pleading shortcomings. *See Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Any claimed improper expediency as to which this Court has dismissed Plaintiff's prior complaints/motions/requests have only reflected the weakness of Plaintiff's positions. Plaintiff must understand that the Court cannot manufacture subject matter jurisdiction, even in a pro se matter. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Nevertheless, the Court has still set a hearing so Plaintiff may advocate for his position in all three cases.

Case No: 3:24-CV-01665-CAB-MSB
Case No. 3:25-CV-00109-CAB-MSB
Case No. 3:25-CV-00107-CAB-MSB

Plaintiff has also filed a motion to remove Defendant's counsel in Case No. 25-cv-00107. [Doc. No. 17.] That motion is denied. The Court sees no conflict of interest where lawyers from the Office of the General Counsel for the Superior Court of California represent one of its active judicial officers. [*See* Doc. No. 10-3.]

Finally, the Court grants Plaintiff's request for a telephonic hearing. <u>All parties may appear by teleconference</u>. The Court will issue a separate order with the relevant dial-in details. Again: Plaintiff should be prepared to discuss the issues previewed by the Court in its prior order.

It is **SO ORDERED**.

Dated: March 4, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge